UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:08-CV-0104-R

RIVER CITY RENTALS, LLC                                    PLAINTIFF

v.

JOHN V. BAYS
JESSICA BAYS                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jessica Bays' Motion to Dismiss or, in

the Alternative, Motion for Summary Judgment (Docket #11) and Defendant John Bays' Motion

to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket #12).  Plaintiff

submitted a joint response (Docket #17), to which each Defendant replied (Docket #18 and #19).

This matter is now ripe for adjudication.  For the reasons that follow, Defendant Jessica Bays'

Motion is DENIED with leave to refile, and Defendant John Bays' Motion is DENIED with

leave to refile.

BACKGROUND

As stated in the Complaint, the facts of the matter are as follows.  Defendants jointly

owned several tracts of land located in Owensboro, Kentucky, surrounding the Executive Inn

Hotel ("Properties").  At some point in late spring or early summer 2006, before June 28, 2006,

Defendant John Bays met Ryan McDaniel, an owner of Plaintiff River City Rentals, at the

Executive Inn to physically observe the boundary lines of the Properties.[1]  On this occasion,

---

[1] In its Complaint, Plaintiff collectively refers to John Bays and Jessica Bays as "Bays."
This is problematic because it appears that Plaintiff also uses "Bays" at least once in the
Complaint to refer solely to John Bays.  For the purposes of analyzing Defendants' Motions to
Dismiss, the Court assumes that in paragraph 8, 9 and 13 of the Complaint when Plaintiff refers
to "Bays" it means John Bays because it uses the pronoun "he" or "his" to refer to Bays' actions.

Defendant John Bays commented that he owned all of the land in one continuous tract, and provided a map to McDaniel.  The map shows an alley dissecting the property, but Defendant John Bays represented that the alley had been closed and that he possessed all right title and interest in the property so that it formed one continuous tract.

On June 28, 2006, McDaniel entered into a purchase agreement with Defendants for the Properties.  Following the execution of the purchase agreement, Defendants pressured McDaniel to close the transaction by July 14, 2006.  To induce Plaintiff to accelerate the closing date, which was scheduled for July 28, 2006, Defendants agreed to cure any and all title defects found following the closing.  On July 14, 2006, Defendants transferred all of their right title and interest in the Properties to Plaintiff.

After the closing, Plaintiff learned that the statements and representations made by Defendant John Bays were false because another corporation owned a fee title strip of land which bisects the property.  Plaintiff states that it would not have purchased the Properties had it known that it was not a continuous tract of land.  Plaintiff claims that Defendants are liable for breach of contract, fraudulent misrepresentation, and negligent misrepresentation.

### STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

---

For the remainder of the Complaint, the Court assumes that Plaintiff means both John and Jessica Bays when it refers to "Bays."

The Supreme Court's recent decision in *Bell Atlantic Corporation v. Twombly* clarifies the pleading standard necessary under Federal Rule of Civil Procedure 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

Defendants request that this Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their motions, Defendants attach the affidavit of Defendant Jessica Bays, a copy of the Real Estate Purchase Agreement executed June 28, 2006, and the Articles of Organization for River City Rentals, LLC.

Generally, if a court considers matters outside of the pleadings on a 12(b)(6) motion to dismiss, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P.

12(d); *see also Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). "Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings." *Greenburg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir.1999) (citations omitted). The Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.*

The Court finds that the Real Estate Purchase Agreement is referred to in Plaintiff's Complaint and is central to its claim. Therefore, the Court may consider it in determining whether Plaintiff has stated a claim for which relief may be granted. Defendant Jessica Bays' affidavit and the Articles of Organization, however, are not properly considered as part of a motion to dismiss. The Court construes Defendants' Motions as Motions to Dismiss, with a request to consider documents not attached to the Complaint. Therefore, the Court will not determine whether Defendants are entitled to summary judgment in this opinion.

## A. JESSICA BAYS

Defendant Jessica Bays argues that Plaintiff has failed to state a claim for breach of contract against her because neither she nor Plaintiff were parties to the Real Estate Purchase Agreement entered into between John Bays and Ryan McDonald. She also argues that Plaintiff does not state a claim against her for fraudulent misrepresentation because the Complaint does not allege that she ever made any false statement to McDaniel about the property. Lastly,

Case 4:08-cv-00104-TBR-ERG   Document 20   Filed 11/21/08   Page 5 of 7 PageID #: 128

Defendant Jessica Bays argues that Plaintiff does not state a claim against her for negligent

misrepresentation because Plaintiff does not allege that she ever communicated with McDaniel

or Plaintiff about the transaction, nor made any misrepresentations to either party.

Plaintiff states that it became a party to the contract when Plaintiff and Defendant John

Bays signed an Agreement on July 13, 2006, after McDaniel assigned all of his interest in the

Real Estate Purchase Agreement to Plaintiff, which was incorporated into the terms of the

original Agreement.  The Complaint states that "Bays transferred all of its [sic] right and title in

interest in the Properties to River City."  Therefore, the Court finds that Plaintiff has alleged that

it was a party to the contract.

The Complaint states that "Bays," presumably both Defendants, owned the Properties

and transferred their right and title in interest to Plaintiff. Even though the Real Estate Purchase

Agreement does not include Defendant Jessica Bays as a party, accepting all of the allegations in

the Complaint as true and construing the Complaint liberally in favor of Plaintiff, the Court finds

that Plaintiff has given Defendant Jessica Bays fair notice concerning the nature of its claim and

the grounds upon which it rests.

With respect to the fraudulent misrepresentation claim, the Complaint states that "Bays

fraudulently stated and represented to River City that it owned a continuous tract of land in the

Expo Lot."  Again, "Bays" presumably refers to both Defendants, although the factual

allegations that support this claim suggest that only Defendant John Bays made the allegedly

fraudulent representation.  Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud

or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Fed. R. Civ. P. 9(b).  "To satisfy Rule 9(b), a complaint of fraud, "at a minimum, must allege the

5

time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the

fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the

fraud." *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008).

The Court finds that Plaintiff sufficiently stated the fraudulent misrepresentation claim,

except that it did not clearly state whether one or both Defendants are liable.  Rather than

dismissing the claim, however, the Court instructs Plaintiff to file an amended complaint within

ten days from the date of this order.  *See* Fed. R. Civ. P. 12(e); *Coffey v. Foamex L.P.*, 2F.3d 157,

162 (6th Cir. 1993).  The amended complaint should state clearly when Plaintiff is referring to

Defendant Jessica Bays, Defendant John Bays, or both Defendants.  The amended complaint

should also allege the time, place, and content of the alleged misrepresentation on which Plaintiff

relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting

from the fraud.  If Plaintiff does not file a satisfactory amended complaint within the time frame

set, Defendant Jessica Bays may renew her motion to dismiss.

Lastly, with respect to Plaintiff's negligent misrepresentation claim against Defendant

Jessica Bays, the Complaint states that "Bays failed to exercise reasonable care in determining

and communicating to River City the land Bays was to convey in connection with their sale of

the Properties" and that "Bays knew or had reason to know that River City would rely upon the

statements made by Bays."  Again, the Complaint is not clear as to whether it is referring to

Defendant Jessica Bays, Defendant John Bays, or both Defendants.  Consequently, the amended

complaint should also adequately plead a claim for negligent misrepresentation, as set forth by

the Restatement (Second) of Torts § 552, clearly identifying when Plaintiff is referring to which

Defendant.  *See Presnell Constr. Managers, Inc. v. EH Constr., L.L.C.*, 134 S.W.3d 575, 581-82

6

(Ky. 2004).

## B. JOHN BAYS

Defendant John Bays argues that Plaintiff has failed to state a claim for breach of contract against him because Plaintiff was not a party to the agreement entered into between him and Ryan McDonald. He also argues that Plaintiff failed to plead a claim for fraudulent misrepresentation with the requisite particularity set forth in Federal Rule of Civil Procedure 9(b). Lastly, Defendant John Bays argues that Plaintiff does not state a claim against him for negligent misrepresentation because Plaintiff fails to allege or show that he made any representation directly to Plaintiff.

Because the Court has instructed Plaintiff to file an amended complaint with a more definite statement of its claims, the Court finds that Defendant John Bays' motion is not properly considered at this time. Defendant John Bays may refile his motion after Plaintiff files its amended complaint, or if Plaintiff does not file an amended complaint within the requisite time period.

In short, a better drafted complaint that avoids referring to "Bays" as both John and Jessica, unless that is the intent of the allegation, and that more clearly sets forth the fraud claim would allow the parties to better define their motions.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Jessica Bays' Motion is DENIED with leave to refile, and Defendant John Bays' Motion is DENIED with leave to refile. IT IS FURTHER ORDERED that Plaintiff file an amended complaint within ten days of this order.