UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:08-CV-00104-R

RIVER CITY RENTALS, LLC                                                    PLAINTIFF

v.

JOHN V. BAYS
JESSICA BAYS                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion of Defendant, Jessica Bays, to Dismiss

the Amended Complaint or, in the Alternative, Motion for Summary Judgment (Docket #22) and

the Motion of Defendant, John Bays, to Dismiss the Amended Complaint or, in the Alternative,

Motion for Summary Judgment (Docket #23).  Plaintiff River City Rentals, LLP, has submitted a

joint response (Docket #26), to which each Defendant has replied (Docket #30 and #31).  This

matter is now ripe for adjudication.  For the reasons that follow, Defendant Jessica Bays's

Motion is GRANTED IN PART, and Defendant John Bays's Motion is GRANTED IN PART.

BACKGROUND[1]

Central to the dispute between Plaintiff and Defendants is several tracts of land in

Owensboro, Kentucky, which surround the former Executive Inn Hotel ("Properties").  John

Bays was the record title owner of the Properties and his wife, Jessica Bays, maintained a dower

interest in the Properties as afforded under Kentucky law.  On or about June 28, 2006, Ryan

McDaniel and John Bays entered into a real estate purchase agreement ("Purchase Agreement")

to purchase the Properties.

_____

[1] The Court accepts the following facts as alleged in the Complaint as true for the
purposes of this opinion.  *See Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir.
1999).

In the week prior to entering into the Purchase Agreement, McDaniel met with John Bays at the Executive Inn to walk the Properties' boundary lines. During this meeting, John Bays represented that he and his wife owned the land in one continuous tract. Also in that week prior to entering into the Purchase Agreement, John and Jessica Bays provided a map of the Properties to McDaniel that indicated that they possessed the Properties as one continuous tract.

After executing the Purchase Agreement, McDaniel orally assigned all of his right title and interest under the Purchase Agreement to Plaintiff River City Rentals, LLC ("River City"), of which he was an owner. This oral assignment was acknowledged in the July 13, 2006, title agreement entered into by River City and John Bays.

Also following the execution of the Purchase Agreement, John Bays demanded that McDaniel accelerate the date for the closing of the Properties. To induce River City to accelerate the closing date, John Bays agreed to cure any and all title defects found following the closing.

On July 14, 2006, John and Jessica Bays executed several deeds conveying the Properties to River City. Subsequently, River City discovered that the Properties do not consist of one continuous tract. The Properties are bisected by a strip of land owned by another entity. As a result, the value of the Properties is greatly diminished. River City claims that it would not have purchased the Properties had it known of the bisection.

In its Amended Complaint, River City brings claims for breach of contract, fraudulent misrepresentation, and negligent misrepresentation against both John and Jessica Bays.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

### I.      Breach of Contract

First, both Defendants argue that because River City was not a party to the Purchase Agreement, it cannot recover for breach of contract. River City acknowledges that it was not a party to the Purchase Agreement, but argues that it is the real party in interest because McDaniel orally assigned all of his right title and interest under the Purchase Agreement to River City and

3

this oral assignment was acknowledged in the written title agreement entered into by River City and John Bays.  Additionally, River City argues that it is the appropriate party to enforce the contract because (1) John and Jessica Bays conveyed the Properties to River City, (2) River City paid the purchase price as established by the Purchase Agreement, (3) River City took possession and control of the Properties following the closing, and (4) River City ultimately undertook, honored, and satisfied all the obligations of McDaniel as set forth in the Purchase Agreement without any objection from John or Jessica Bays.

Defendants argue that McDaniel did not validly assign the Purchase Agreement to River City because an oral agreement regarding the sale of real property violates the statute of frauds, KRS § 371.010(8), and is unenforceable.  But even assuming that the oral assignment is subject to the statute of frauds, "[i]t is well established that the statute does not make an oral contract for any of the purposes set out in the statute void, but only voidable, unenforceable." *Finley v. Ford*, 200 S.W.2d 138, 140 (Ky. 1947).  Oral contracts within the statute of frauds are "enforceable unless the statute is relied on." *Givens v. Mason*, 266 S.W. 7, 8 (Ky. 1924).  Because Defendants were not parties to the oral agreement between McDaniel and River City, and the statute of frauds defense can only be asserted by a party sought to be charged, Defendants cannot question the enforceability of the oral assignment. *See Sun Ins. Office v. Thomas*, 90 S.W.2d 675, 678 (Ky. 1935).  Therefore, Defendants' argument that River City cannot recover for breach of the Purchase Agreement because the oral assignment is invalid fails.

Jessica Bays also argues that River City cannot recover for breach of contract against her because she was not a party to the Purchase Agreement.  River City acknowledges that Jessica Bays did not sign or execute the Purchase Agreement, but alleges that John Bays was acting as

4

her agent when he signed the document and that she subsequently received consideration for transferring her interest in the Properties pursuant to the terms and conditions of the Purchase Agreement.  (Compl. ¶ 9.)

"[W]here one with knowledge of material facts accepts or retains the benefits of the efforts or acts of another acting for him, he is deemed to have ratified the methods employed for he may not, though innocent himself, receive the benefits and at the same time disclaim responsibility for the measures by which they were acquired."  *Stewart v. Mitchell's Adm'x*, 190 S.W.2d 660, 662 (Ky. 1945).  If River City can prove that John Bays was acting as an agent for his wife, and that Jessica Bays ratified the Purchase Agreement by executing the deeds transferring the Properties to River City and receiving payment for them, then she may be held liable for breach of contract.  *See Cox v. Venters*, 887 S.W.2d 563, 567 (Ky. Ct. App. 1994) (finding wife liable under real estate purchase agreement that she did not sign, but that was signed by her husband, because she ratified it when she signed the land contract); *Vaughan v. Gen. Outdoor Advertising Co.*, 352 S.W.2d 562, 565 (Ky. 1962) (finding wife bound by lease that she did not sign, but that was signed by her husband acting as her agent, and that she ratified by accepting rent payments and depositing them in a joint bank account).  Therefore, River City has stated a plausible claim for relief and may proceed with its breach of contract claim against Jessica Bays.

## II.    Fraudulent Misrepresentation

Second, Defendants contend that River City has not stated a proper claim for fraud. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "To satisfy Rule 9(b), a

complaint of fraud, 'at a minimum, must allege the time, place, and content of the alleged

misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of

the defendants; and the injury resulting from the fraud.'" *United States ex rel. Marlar v. BWXT*

*Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (citation omitted).  To succeed on its fraud claim

against Defendants, River City must "establish six elements by clear and convincing evidence: a)

material representation, b) which is false, c) known to be false or recklessly made, d) made with

inducement to be acted upon, e) acted in reliance thereon, and f) causing injury." *Farmers Bank*

*& Trust Co. v. Wilmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005).

   In its Complaint, River City alleges:

> From the time period on or about a week prior to the execution of the
> Purchase Agreement on June 28, 2006 to July 14, 2006, John and Jessica
> engaged in a fraudulent scheme to induce Ryan McDaniel and subsequently
> River City Rentals to enter into the Purchase Agreement and to purchase the
> Properties by (a) making oral misrepresentations as to the nature of the
> boundaries of Expo Lot during a meeting between Ryan McDaniel and John
> on the Properties, (b) providing a map of the Properties, including the Expo
> Lot, depicting an alley with the notation "Alley not here" so as to support the
> continuous nature and boundaries of the Expo Lot, and (c) in pressuring
> River City Rentals to accelerate the closing date.

(Compl. ¶ 23.)  River City further alleges that Defendants "intended for Ryan McDaniel and

River City to rely on the truth of the statement that they owned one continuous tract of land,"

that Defendants either knew that statement was false or acted in reckless disregard of whether it

was true, and that River City actually did rely "upon the statements concerning the continuous

nature of the property as being true in purchasing the Properties and otherwise would not have

finalized the purchase the Properties had it know the statements were false."  (Compl. ¶¶ 23-26.)

Finally, River City alleges that it was injured because "[a]s a result of the misrepresentations, the

fair market value of the entire property at the time River City purchased it is less than it would

have been if John and Jessica's statements concerning the continuous nature of the [Properties] were true."  (Compl. ¶ 27.)

Defendants argue that River City has failed to state a claim of fraud because it has not alleged that either Defendant made any misrepresentations to River City itself, and because it cannot rely on allegations that John Bays made misrepresentations to McDaniel to satisfy Rule 9(b)'s pleading requirements.  "[W]hen a fraud is worked upon an agent, the fraud is considered as worked upon his principal who is damaged thereby."  *Liberty Nat'l Bank & Trust Co. v. Gruenberger*, 477 S.W.2d 503, 505 (Ky. 1972); *see also* Restatement (Second) of Agency § 315. Therefore, River City may proceed with its fraudulent misrepresentation claim against Defendants if McDaniel was acting as River City's agent at the time Defendants allegedly made misrepresentations to him.

Generally, every member of a limited liability company is an agent of that company for the purposes of its business or affairs.  KRS § 275.135.  The earliest effective time of admission of a member to a limited liability company, however, is the date the limited liability company is formed.  KRS § 275.275(2).  Nothing in the Kentucky limited liability company statute, including KRS § 275.145, allows an individual to act as an agent of a limited liability company before the limited liability company is formed.  Therefore, McDaniel could not have been acting as an agent for River City when Defendants allegedly made misrepresentations to him because River City was not yet formed.  Because a claim of fraudulent misrepresentation requires the alleged misrepresentation be made to the plaintiff or the plaintiff's agent, McDaniel may have a claim against Defendants, but River City does not.

### III.     Negligent Misrepresentation

Third, Defendants argue that River City's negligent misrepresentation claim should be dismissed.  The Kentucky Supreme Court has adopted the standard for negligent misrepresentation claims set forth in the Restatement (Second) of Torts § 522.  *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 582 (Ky. 2004).  Section 552 outlines the elements of negligent misrepresentation as follows:

> (1)     One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2)     Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
>
> (3)     The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

Restatement (Second) of Torts § 552 (1977).

River City contends that Defendants knew that they were providing representations regarding the property to McDaniel for the benefit of River City.  Defendants argue that in order to survive a motion to dismiss, a plaintiff must plead that the defendant actually made the misrepresentations to the plaintiff.  Defendants cite *Anderson v. Merk & Company, Inc.*, in

8

which plaintiffs alleged that certain pharmaceutical sales representatives made misrepresentations to plaintiffs' physicians, plaintiffs' physicians relied upon the misrepresentations, and as a result plaintiffs were injured.  417 F. Supp. 2d 842, 846 (E.D. Ky. 2006).  The court dismissed plaintiffs' negligent misrepresentation claim because there was no allegation that the sales representatives made any misrepresentations directly to plaintiffs, nor was there any allegation that information provided by the sales representatives was ever relayed to plaintiffs.  *Id.* at 847.

The Court finds that the present case is distinguishable from *Anderson* because here River City does contend that it relied on the alleged misrepresentations made by both Defendants, in the form of direct conversations between John Bays and McDaniel and in the form of a map of the Properties that was supplied to McDaniel by Defendants.  Furthermore, the Court finds that there is a question of fact as to whether Defendants intended to supply the information for the benefit and guidance of River City or whether Defendants knew McDaniel intended to supply the information to River City.  *See* Restatement (Second) of Torts § 552. Therefore, at this early stage of the proceedings, accepting the allegations in the complaint as true and construing the complaint in favor of River City, the Court finds that River City has stated a claim for negligent misrepresentation that is plausible on its face.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motions (DN 22 & DN 23) are GRANTED IN PART and DENIED IN PART.  Plaintiff's fraudulent misrepresentation claim is dismissed, but Plaintiff may proceed with its breach of contract and negligent misrepresentation claims.